IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DEANDRE R. PETTIFORD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 09-359-GMS |
| | ) |
| DANIEL F. TYRRELL, JR. and JOHN W. DONAHUE, IV, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM

The plaintiff, DeAndre R. Pettiford ("Pettiford"), an inmate at the James T. Vaughn Correctional Center ("VCC), Smyrna, filed this lawsuit pursuant to 42 U.S.C. § 1983. (D.I. 2.) He appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 4.) The court now proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915 and § 1915A.

## I. BACKGROUND

Pettiford alleges that the defendant, Daniel F. Tyrrell, Jr. ("Tyrrell"), a private attorney, represented him in a criminal matter prosecuted by the defendant, John W. Donahue, IV ("Donahue"), a deputy attorney general of the State of Delaware. Pettiford alleges that the defendants deceived, threatened, and coerced him into signing a plea agreement. After Pettiford signed the plea agreement, he alleges the defendants altered it by changing the number of years of incarceration and adding additional charges. After intervention by the judge, the defendants created a second plea agreement. Plaintiff alleges that he did not sign the second plea agreement, and that Tyrrell, in concert with Donahue, forged his name. Pettiford alleges that the defendants

also forged his name on the truth in sentencing guilty plea form. Pettiford submitted as exhibits the plea agreement and truth in sentencing guilty plea form, but the copies, particularly the signatures, are illegible. (D.I. 2, ex. A, B.)

Pettiford notes that Tyrrell was disbarred by the Delaware Supreme Court in 2008. Pettiford filed a Rule 61 motion on December 19, 2008. He alleges that his motion was granted and his sentence was vacated on March 3, 2009. The court was not provided with a copy of the March 3, 2009 order.

## II. STANDARD OF REVIEW

When a litigant proceeds *in forma pauperis*, 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § § 1915(e)(2)(B) and § 1915A is identical to the legal standard used when ruling on 12(b)(6) motions. *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (not published); *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000); *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999)(applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct.

2197, 2200 (2007). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); Fed. R. Civ. P. 8. A complaint does not need detailed factual allegations, however, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted).

Pettiford is required to make a "showing" rather than a blanket assertion of an entitlement to relief. *Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008). "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests." *Id.* (citing *Twombly*, 550 U.S. 556 n.3). Therefore, "'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." *Id.* at 235 (quoting *Twombly*, 550 U.S. 556 n.3). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." *Id.* at 234. Because Pettiford proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 127 S.Ct. at 2200 (citations omitted).

## III. DISCUSSION

When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988). To act under "color of state law" a defendant must be "clothed with the authority of state law." *West,* 487 U.S. at 49. Tyrrell is a private individual who represented Pettiford in criminal proceedings. He is not "clothed with the authority of state law" and, therefore, the claim against him fails. *See Reichley v. Pennsylvania Dep't of Agric.,* 427 F.3d 236, 244-45 (3d Cir. 2005); *Biener v. Calio,* 361 F.3d 206, 216-17 (3d Cir. 2004); *Polk County v. Dodson,* 454 U.S. 312 (1981) (public defenders do not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in criminal proceedings). The claim against Tyrrell has no basis in law or fact. Therefore, it will be dismissed by the court as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

Pettiford's remaining claim is against Donahue. Pettiford submitted exhibits in support of his complaint, but the court is unable to read them. Additionally, Pettiford makes reference to a Rule 61 ruling by the Delaware Superior Court, but it was not provided to the court. The court finds it necessary to review Pettiford's exhibits and the Rule 61 order before it is able to screen the claim against Donahue. Therefore, the court will order Pettiford to produce legible copies of all exhibits, as well as a copy of the Rule 61 order.

## IV. CONCLUSION

Based upon the foregoing analysis, the court will dismiss the claims against the defendant Daniel F. Tyrrell as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). The

court will order Pettiford to produce legible copies of all exhibits, as well as a copy of the Rule 61 order. An appropriate order will be entered.

_____
CHIEF, UNITED STATES DISTRICT JUDGE

__July 6__, 2009
Wilmington, Delaware

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DEANDRE R. PETTIFORD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 09-359-GMS |
| | ) |
| DANIEL F. TYRRELL, JR. and JOHN W. DONAHUE, IV, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

At Wilmington this 6th day of July, 2009, for the reasons set forth in the Memorandum issued this date

1. The claims against the defendant Daniel F. Tyrrell are **dismissed** as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

2. The plaintiff shall filed with the court, within **thirty days** from the date of this order, legible copies of all exhibits attached to his complaint, as well as a copy of the Delaware Superior Court's March 3, 2009 Rule 61 order. If legible copies are not filed within the time allowed, the court will dismiss the complaint without prejudice and direct the Clerk of Court to close the case.

_____
CHIEF, UNITED STATES DISTRICT JUDGE